UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.  Case No. 8:18-cr-100-T-33AAS

**ANTHONY W. KNIGHTS**
_____/

## ORDER

Anthony Knights moves to remain on bond pending his appeal to the Eleventh Circuit. (Doc. 85). The government orally opposed Mr. Knights's motion at a hearing earlier today. (Doc. 98). Consistent with the undersigned's oral ruling at today's hearing, the undersigned concludes Mr. Knights meets the requirements to remain on bond pending his appeal and his motion is **GRANTED**.

### I. BACKGROUND

A federal grand jury indicted Mr. Knights on one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2). (Doc. 1). Agents from the Federal Bureau of Investigation then arrested Mr. Knights. (Doc. 8). The court arraigned Mr. Knights and later released him on bond. (Docs. 4, 9).

Mr. Knights moved to suppress evidence obtained during his arrest. (Doc. 28). The undersigned held a hearing and issued a report that recommended the court grant Mr. Knight's motion to suppress. (Doc. 51). The government objected to the undersigned's report and recommendation, and the court sustained the government's

1

objections. (Docs. 61, 71).

The court held a stipulated-facts bench trial after which the court found Mr. Knights guilty of violating 18 U.S.C. Section 922(g)(1) (felon in possession). (Doc. 75). The court allowed Mr. Knights to remain on bond pending his sentencing. (*Id.*). The court later sentenced Mr. Knights to a thirty-three-month prison term and has permitted him to remain on bond pending his self-surrender to the institution designated by the Bureau of Prisons. (Docs. 87, 92).

After the court sentenced him, Mr. Knights filed his notice of appeal to the Eleventh Circuit. (Doc. 94). Mr. Knights also moved to remain on bond pending his appeal. (Doc. 85). The government opposes Mr. Knights's motion to remain on bond.

## II. ANALYSIS

A defendant is entitled to release pending appeal if he satisfies two requirements. 18 U.S.C. § 3143(b)(1). First, the defendant must prove by clear and convincing evidence he is not a flight risk and he poses no danger to public safety. § 3143(b)(1)(A). Second, the court must determine the defendant's appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that includes no term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process. §

3143(b)(1)(B).[1]

Although Section 3143(b)(1) lists the requirements for release pending appeal in two prongs, the Eleventh Circuit articulated the requirements for a court granting release pending appeal the following way:

1. The defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

2. The appeal is not for purpose of delay;

3. The appeal raises a substantial question of law or fact; and

4. If that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). If the defendant satisfies the requirements under Section 3143, the court must release the defendant on personal recognizance, unsecured appearance bond in an amount the court determines, or other release conditions. §§ 3143(b)(1)(B); 3142.

At hearing, the government stated it does not contest the first, second, or

---

[1] Although Section 3143(b)(1) has a clear-and-convincing standard for the first requirement for bond pending appeal, no standard is listed for the second requirement. 18 U.S.C. § 3143(b)(1)(B). The Tenth Circuit adopted a preponderance-of-the-evidence standard for the second requirement under Section 3143(b)(1). *United States v. Affleck*, 765 F.2d 944, 953 n.15 (10th Cir. 1985). In his motion for bond pending appeal, Mr. Knights argues he satisfies the second requirement under Section 3143(b)(1) by clear and convincing evidence. (Doc. 85, p. 5). Regardless of whether a preponderance-of-the-evidence standard or clear-and-convincing-evidence standard applies under the second requirement of Section 3143(b)(1), Mr. Knights meets all requirements as explained in this order.

fourth requirements under Section 3143(b)(1) articulated by the Eleventh Circuit in *Giancola*. The government instead argues the third requirement is not met—that is, Mr. Knights's appeal raises no substantial question of law or fact. The undersigned will address each of the four factors under Section 3143(b)(1) separately.

### A. Whether Mr. Knights is Likely to Flee or Pose a Danger to the Safety of the Community

Mr. Knights's history since his indictment demonstrates he is not likely to flee; nor does he pose a danger to the safety of the community. Although Mr. Knights tested positive for cocaine twice in the month after his arrest, he has tested negative for drugs in nineteen urinalyses since May 2018—about eight months. During that same time, Mr. Knights had no other issues related to his release conditions.

Mr. Knights lives with his wife, four children, two siblings, and nephew in Tampa. He is a stay-at-home dad. He has no history of violence. Mr. Knights's last conviction occurred over a decade ago. And he appeared for every hearing requiring his appearance or concerning his motion to suppress, even if his presence was not required.

Mr. Knights's pretrial officer advised the undersigned that Mr. Knights has been "stellar" on pretrial release since his April 2018 violation; Mr. Knights is doing much better as a result of his current treatment; he follows his directions like "clockwork"; Mr. Knights's wife is actively involved as his third-party custodian; and that Mr. Knights's stellar performance on release is "almost remarkable" considering his mental health issues and prior drug use.

These facts provide clear and convincing evidence that Mr. Knights is not likely to flee during his appeal; nor does Mr. Knights pose a danger to the safety of the community. So, the first requirement under Section 3143(b)(1) is met.

### B. Whether Mr. Knights's Appeal is for Purpose of Delay

Mr. Knights's appeal is not for purposes of delay. At the hearing, Mr. Knights's counsel sufficiently demonstrated the appeal is not frivolous or intended to delay the case. So, the second requirement under Section 3143(b)(1) is met.

### C. Whether Mr. Knights's Appeal Raises a Substantial Question of Law or Fact

*Giancola* instructs that "substantial question of law or fact" does not mean a court may only grant release pending appeal if it finds that its own rulings are likely to be reversed. 754 F.2d at 900. Stated differently, the court need not determine the likelihood of its own error. *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). Instead, a "substantial question" is a close one or one the appellate court could decide the other way. *Giancola*, 854 F.2d at 901. Whether a question is "substantial" is determined on a case-by-case basis. *Id.*

Mr. Knights's appeal raises a substantial question of law or fact. At the heart of Mr. Knights's appeal is the order on his motion to suppress evidence obtained that resulted in arrest and conviction. (Doc. 99). The undersigned's July 16th report, relying on case law, recommended granting Mr. Knights's motion to suppress. (Doc. 54). The court, also relying on case law, adopted the factual findings of the undersigned's report but declined to adopt the report's conclusions and so denied Mr.

5

Knights's motion to suppress. (Docs. 66, 71). The court's thorough discussion on the undersigned's report, Mr. Knights's motion, and the government's response, demonstrate that, although the court denied the motion to suppress, the appellate court could possibly decide the issue the other way. So, Mr. Knights's appeal raises a substantial question of law or fact and the third requirement under Section 3143(b)(1) is met.

### D. Whether That Substantial Question is Likely to Result in Reversal or an Order for New Trial

Reversal or an order for new trial is likely when the substantial question raised is "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Giancola*, 754 F.2d at 900 (quoting *Miller*, 753 F.2d at 23).

If the Eleventh Circuit issues a holding contrary to the court's order on Mr. Knights's motion to suppress, that will likely require reversal of Mr. Knights's conviction or a new trial. At the hearing, the government conceded that the question Mr. Knights raises on appeal is dispositive. So, the fourth requirement under Section 3143(b)(1) is met.

### III. CONCLUSION

Mr. Knights established (1) he is not likely to flee and he poses no danger to the safety of the community; (2) his appeal is not for purposes of delay; (3) his appeal raises a substantial question of law or fact; and (4) the substantial question raised is likely to result in reversal or an order for new trial if there is a contrary appellate

holding. His motion for bond pending appeal (Doc. 85) is therefore **GRANTED**. Mr. Knights is subject to the same previously-imposed release conditions pending the outcome of his appeal.

**ORDERED** in Tampa, Florida, on January 14, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge